General Complaint

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

**JUN 11 2015**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

DAVID J. MALAND, CLERK
BY
DEPUTY_____

RICHARD HOWARD ELLIS

Case Number: 1:15 cv 227

List the full name of each plaintiff in this action.

DEPARTMENT OF VETERANS AFFAIRS
VS. MR. DAVID AMPARAN
DR. ARUNDATI YEDAVELLI
SGT. OSCOE CARTER

List the full name of each defendant in this action.
Do not use "et al".

Attach additional pages if necessary.

I. ATTEMPT TO SECURE COUNSEL:

Please answer the following concerning your attempt to secure counsel.

A. In the preparation of this suit, I have attempted to secure the aid of an attorney as follows: (circle one)

1. Employ Counsel
2. Court - Appointed Counsel
3. Lawyer Referral Service of the State Bar of Texas, P. O. Box 12487, Austin, Texas 78711.

B. List the name(s) and address(es) of the attorney(s):
JOHN SLOAN, 101 E. WHALEY ST. LONGVIEW, TEXAS
PROVOST UMPHREY 490 PARK ST. BEAUMONT, TEXAS
DAVID PETERSEN 1000 LOUISANA SUITE 5100, HOUSTON, TEXAS
SAMUELS & SON 1965 PARK ST. BEAUMONT, TEXAS
BRENT COON & ASSOCIATES, 215 ORLEANS ST. BEAUMONT, TEXAS
JONATHAN JUHAN, 985 I-10 NORTH, SUITE 100, BEAUMONT, TEXAS
ARCHULETA LAW FIRM, 1100 LAKEWAY DR. AUSTIN, TEXAS

Case 1:15-cv-00227-RC-KFG  Document 1  Filed 06/11/15  Page 2 of 8 PageID #: 17

C. Results of the conference with counsel: I CONTACTED NUMEROUS ATTORNEYS CONCERNING THIS ISSUE AND MOST DIDN'T RETURN MY CALLS, AND THE FEW WHO DID RETURN MY INQUIRIES STATED THAT THEY DIDN'T TAKE THIS TYPE OF CASE.

II. List previous lawsuits:

    A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action or any other incidents? \_\_\_\_\_Yes \_\_X\_ No

    B. If your answer to "A" is "yes", describe the lawsuit in the space below. If there is more than one lawsuit, attach a separate piece of paper describing each.

        1. Approximate file date of lawsuit: N/A

        2. Parties to previous lawsuit(s):

            Plaintiff N/A

            Defendant N/A

    Attach a separate piece of paper for additional plaintiffs or defendants.

        3. Identify the court the lawsuit was filed. If federal, name the district. If state, name the county.

            N/A

        4. Docket number in other court. N/A

        5. Name of judge to whom the case was assigned. N/A

        6. Disposition: Was the case dismissed, appealed or still pending?

            N/A

        7. Approximate date of disposition. N/A

III.     Parties to this suit:

    A.     List the full name and address of each plaintiff:

        Pla #1 RICHARD HOWARD ELLIS

        2195 PRIMROSE ST.

        BEAUMONT, TEXAS 77703

        Pla #2

        N/A

    B.     List the full name of each defendant, their official position, place of employment and full mailing address. DEPARTMENT OF VETERANS AFFAIRS,

        MR. DAVID AMPARAN, (CLINIC ADMINISTRATIVE OFFICER)

        Dft #1: 3420 VETERANS CIRCLE, V.A. MEDICAL CLINIC BEAUMONT, TX

        BEAUMONT, TEXAS 77703

        Dft #2: DR. ARUNDATI YEDAVELLI, PRIMARY CARE PHYSICIAN

        3420 VETERANS CIRCLE, V.A. MEDICAL CLINIC, BEAUMONT, TX

        BEAUMONT, TEXAS 77703

        Dft #3 SGT. OSCOE CARTER

        2002 HOLCOMBE BLVD.

        HOUSTON, TEXAS 77030

Attach a separate sheet for additional parties.

IV:   Statement of Claim:

State as briefly as possible the fact of your case. Describe how each defendant is involved. Include the names of other persons involved with dates and places. Do not give any legal arguments or cite cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need, attaching additional pages if necessary.

On June 12, 2013, aapproximately1400hrs, after waiting 45 minutes to receive my regular perscriptions from the V.A. clinic, I was told by the pharmacy staff that my perscription had been altered and I would not be receiving any of regular perscriptionsper Dr. Yedavelli. I was subsequently met by Mr. David Amparan and a security guard who also informed me that there was a serious problem with the perscription, that there would need to be an investigation for the cause, and that I could no longer use the pharmacy or get any medications.

At that time, no effort was made to supply me with any type of detox medications as these medications were narcotics, and after being perscribed them for over 4 years, I had developed a physical dependency on them and would suffer severe withdrawal symptoms and become extremely ill. The perscribing physician is responsible to insure the health and safety of the patient when perscribing these drugs.

As a result, I experienced severe withdrawal symptoms, depression, and seriously considered suicide. Because the accusation was entered into my V.A. medical records, I was not able to be treated at the Pain Management Clinic in Houston or any other V.A. facility nationwide. I have denied pain management treatment, denied assistance from my Patient Advocate at the V.A., and everyone at the V.A. that I contact, refuses to address this issue after numerous inquiries.

Also on June 12, 2013, aapproximately 1330hrs, Dr. Yedavelli contacted Mr. David Amparan and told him that she had made an error when writing out my perscriptions, and had given me the wrong perscription by mistake, and therefore the one in question had not been altered by me.

As the Clinic Administrator in charge of the facility, it was Mr. Amparan's responsibility to insure that the investigation of my involvement in that matter be halted. He had direct infomation from Dr. Yedavelli that I had not altered said document. For whatever reason, he failed to do so.

On June 20, 2013, a statement given and signed by Dr. Yedavelli was used, along with others, in order to create a Probable Cause Affidavit. As a result, a warrant was issued for my arrest for altering a federal document. Even though Dr. Yedavelli and Mr. Amparan both knew that I had nothing to do with altering the aforementioned document, they both participated in the process that led to my arrest and prosecution.

Both Mr. David Amparan and Dr. Arundati Yedavelli knew for certain that I was innocent of altering the perscription, yet they continued to participate in the investigation that led to my arrest and prosecution.

Approximately 5-6 weeks after the original incident concerning the perscription, the Jefferson County Sheriffs Department came to my home with a warrant for my arrest. The deputy informed me that the V.A. was having me prosecuted for altering a federal document, and I had to post a $5000 bond in order to be released. I later contacted a local bail bondsman and paid her $500, the 10% that is required. After having to wait for over 7 hours to be released, I was then allowed to leave the Jefferson County jail facility

I was later informed, by the bondsman, that I had a court date scheduled for the beginning of September, 2013, and it was suggested that I obtain an attorney.

At this point, I am still dealing with the withdrawal symptoms, severe depression and other symptoms from the Post Traumatic Stress Disorder that I have from my time in Vietnam. At no during this whole ordeal am I able to obtain any level of assistance from anyone at the V.A.

Also on June 20, 2013, Sgt. Oscoe Carter signed a Probable Cause Affidavit which contains many errors and fradulent statements. Some of his statements are outright lies which were used to obtain the warrant for my arrest and confinement.

Sgt. Carter states that once I received the perscriptions from Dr. Yedavelli, I then left the facility for approximately 20-30 minutes before turning in the perscriptions into the pharmacy. This false statement could be interpreted as my using this time and secrecy to give me the chance to alter the perscription.

Dr. Yedavelli's statement indicates that she gave me the said perscription at 1245hrs, and the pharmacist states that I gave the perscription to the pharmacy at 1248hrs, a total of 3 minutes later. With Sgt. Carte conducting the investigation, he had access to all of the statements used to get the warrant. I was never contacted prior to the warrant being issued in order give my version of what happened. I had also offered to submit to a polygraph examination to prove my innocence on June 12, 2013, when I was first confronted about this issue.

Sgt. Carter was also not present at the Beaumont V.A. clinic on June 12, when the alleged incident happened. To my knowledge, he was employed at the Michael E. deBakey V.A. hospital in Houston, Texas on June 12, 2013. Sgt. Carter also made many other errors in my name, description, and other areas. He also made a phone call to me, subsequent to the case's dismissal, where he attempted to ridicule and intimidate me by using sarcasm and veiled threats.

V.   Relief:  continued--

5) a written apology concerning this matter, from the Department of Veterans Affairs, Mr. David Amparam, Dr. Arundati Yedavelli, Sgt. Oscoe Carter, the V.A. clinic in Beaumont, Texas, and the director of the Michael E. deBakey Hospital in Houston, Texas.

6) provide an open forum for veterans who have problems dealing with the staff at the Beaumont, Texas V.A. clinic.  the veteran should have the choice to have anyone represent or advocate for them.  the hearing should be documented and a written report furnished to the veteran, included in their file, and acknowledged by the hospital director.

7) for the V.A. to pay me damages in the sum of $865,000 upon resolution of this suit within 30 days of it's ending.

8) set up procedures, (within 90 days) where veterans can be made aware that there new ways available to them to be able to voice their concerns about how they are being treated at the Beaumont V.A. clinic. post signs prominently around the facility instructing them how to do it.

9) create written protocols for veterans who are taking narcotics on what are the procedures taken when an issue arises about a problem concerning a legal prolem. clearly instruct the veteran as to their rights, medical issues, and detoxification process. make sure that the veteran has adequate medical treatment until any issue is resolved.

10) supply the results of this suit to the Secretary of Veterans Affairs in Washington D.C. in order to insure his office of what is happening to veterans in the Beaumont, Texas V.A. medical clinic.

V. Relief: State Briefly exactly what you want the court to do for you. Make no legal arguments and do not cite cases or statutes. Attach additional pages if necessary.

1) expunge all of the records, photos, and prints pertaining to my arrest for this matter, that are being held by the Jefferson County Sheriffs Department or any other agency.

2) attach 'Letters of Reprimand' to the personnel files of David Amparan, Dr. Arundati Yedavelli, and Sgt. Oscoe Carter concerning this matter.

3) indicate in my V.A. medical, and all other pertinent records, that I was wrongfully charged and prosecuted and that I am completely innocent of all charges.

4) immediately resume my treatment for pain management as it was on April 1, 2013, with the exact same medications and treatments.

Signed this ___11th___ day of ___June___, 20 _15_.
                                               (Month)               (Year)

*[signature]*
*3195 Primrose St*
*Beaumont, Texas 77703*

I declare (certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on: ___June 11, 2015___
                Date

*[signature]*

Signature of each plaintiff