# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **RICHARD HOWARD ELLIS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:15-CV-227 |
| | § | |
| **DEPARTMENT OF VETERANS** | § | |
| **AFFAIRS,** *et al.*, | § | |
| | § | |
| *Defendant*s. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**

The Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions. On December 1, 2016, Judge Giblin issued a report recommending that the Court grant the defendant United States of America's motion to dismiss and dismiss the plaintiff's claims in their entirety, without prejudice, for lack of jurisdiction based on the failure to exhaust administrative remedies. *See* Report and Recommendation (Doc. No. 28).

Citing health issues, the plaintiff requested two extensions of time to file objections to the magistrate judge's report. The magistrate judge granted those extensions of time. *See* Orders (Doc. No. 30, 34).

On February 2, 2017, the Clerk received the plaintiff's Objections and Request for Further Extension (Doc. No. 36). The plaintiff, Richard H. Ellis, objects to Judge Giblin's recommended disposition by contending that (1) his complaint is valid, (2) he has submitted records and evidence that wrongdoing occurred, (3) he requested a remedy to representatives of the defendant[s], (4) the

defendant failed to submit his requests to the appropriate agency rather than return them to plaintiff with instructions, and (5) he can prove plausible facts supporting his claim. The plaintiff also argues that he was not advised by the Department of Veterans Affairs (VA) how to properly proceed with his claim and the VA should have routed his claims to the Office of General Counsel. He also generally re-alleges his claims that he was subjected to malicious prosecution, false statements, medical malpractice, and refusal to render aid at the hands of the VA. He appears to acknowledge that he failed to submit the proper documentation required to exhaust his administrative remedies before filing suit in federal court, but states that he has since "submitted Tort Claim Form 95 to the proper agency, yet expects it to be declined because of statute of limitations arguments, and therefore feel [sic] that this case should proceed."

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of the magistrate judge's findings, plaintiff's objections, the record, and the applicable law in this proceeding. After review, the Court finds that Judge Giblin's findings and recommendations should be accepted. Plaintiff has not offered any argument or evidence indicating that he did in fact exhaust his administrative remedies as required before filing suit against the VA in federal district court. As explained in Judge Giblin's report, Mr. Ellis' purported causes of action against the federal defendants all sound in tort and, therefore, the Federal Tort Claims Act (FTCA) is the exclusive remedy for his suit against the VA and its federal employees. *See* Report, at p. 6 (citing *Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2006)(per curiam)). Ellis' objections again acknowledge that his claims are tort-based, and there remains no evidence that he presented a proper claim to the appropriate agency, much less that his claim was finally denied by the agency in writing. *See* 28 U.S.C. § 2675(a); *Barber v. United States*, 642 F. App'x 411, 414 (5th Cir.

2016)(per curiam)(requiring affirmative evidence of the VA's actual receipt of the necessary form or other writing setting forth the required information under the regulations). His objections only support the fact that to date there is no denial from the appropriate agency, which is a prerequisite to suit.

Because it is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived, the Court lacks jurisdiction to consider Mr. Ellis' tort claims against the defendants. *See McAfee v. Fifth Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989)(per curiam). The Court must, therefore, dismiss this case for lack of subject matter jurisdiction as recommended by the magistrate judge.

As for the plaintiff's general request that he be granted another extension to "adequately address these issues surrounding this case," the Court finds that any extension would be futile. The fact remains that Mr. Ellis did not exhaust his administrative remedies prior to filing suit and, absent evidence that this has been remedied, the Court lacks jurisdiction. No number of extensions can cure this jurisdictional issue, and the Court is not inclined to keep this matter pending on the docket indefinitely while Mr. Ellis attempts to save his claims. The undersigned recognizes the plaintiff's representation that he is suffering from a number of health issues, but the magistrate judge has already afforded much leniency in extending deadlines for Mr. Ellis to submit his filings. Judge Giblin's recommendation has been ripe for this Court's review for almost two (2) months. The Court therefore denies the plaintiff's request that he be allowed another 150 days to respond to the recommended disposition.

The Court therefore **ORDERS** that the report and recommendation (Doc. No. 28) is **ADOPTED**. Plaintiff's objections (Doc. No. 36) are **OVERRULED**. The Court further

**ORDERS** that the United States' Motion to Dismiss (Doc. No. 15) is **GRANTED**. Plaintiff's claims are **DISMISSED** in their entirety, for lack of jurisdiction. All other pending motions not addressed in this order are **DENIED** as **MOOT**, without prejudice to reassert. The Clerk is directed to **CLOSE** this case.

**So Ordered and Signed**
**Feb 14, 2017**

_____
Ron Clark, United States District Judge